IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RHONDA GAIL MORRIS                                                                    PLAINTIFF

V.                                                                 CIVIL ACTION NO. 1:14-CV-136-SA-DAS

WAL-MART STORES, INC.,
DEREK YOUNG, in his individual
Capacity, and CUSTOMER C, in his
individual capacity                                                                   DEFENDANTS

ORDER ON MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss [25]. Upon due consideration of the motions, responses, and authorities, the Court finds as follows:

*Factual and Procedural Background*

Plaintiff Rhonda Morris commenced this action in August of 2013 against Defendants Derek Young and Customer C for tortious interference with an employment contract following her discharge from employment at Wal-Mart Stores, Inc. ("Wal-Mart").[1] Defendants bring this Motion to Dismiss before the Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

At the time of her discharge, Plaintiff had been working at Wal-Mart for a total of eight years and held the title of customer service manager. According to the Complaint, [17] the particular Wal-Mart that Plaintiff worked at had an issue with a certain customer, Customer C, attempting to return items without a receipt. Wal-Mart employees suspected that Customer C was either purchasing the less expensive items from another store or bringing back merchandise

---

[1] Plaintiff also brought claims against Wal-Mart for age discrimination, breach of the doctrine of promissory estoppel, and breach of contract. Plaintiff withdrew the claims for breach of promissory estoppel and breach of contract in her Brief in Opposition to Motion to Dismiss [28]. Defendants only moved to dismiss the claims as to Defendants Young and Customer C. Therefore, this Court will not address Plaintiff's age discrimination claim against Wal-Mart.

that appeared to be particularly old. Plaintiff contends that her supervisor, Derek Young, assistant manager at Wal-Mart, ordered Plaintiff not to accept items being returned by Customer C without a receipt.

In April of 2014, Customer C once again attempted to return items that Customer C claimed to have purchased from Wal-Mart. Plaintiff alleges that she did as she was told and refused to process the refund unless Customer C could produce a receipt. Customer C demanded to see Plaintiff's superior. Young allegedly apologized to Customer C and accepted the return. Following this encounter, Customer C allegedly told Plaintiff that he would have Plaintiff discharged. In addition to Customer C's statement, Young also complained about Plaintiff's actions surrounding the incident at issue. The Complaint [17] alleges that the actions of Young and Customer C, and their complaints, directly caused Plaintiff to be fired. Following her discharge, Plaintiff filed this action.

*Standard*

When considering a motion to dismiss for failure to state a claim under 12(b)(6), a complaint is properly dismissed if it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A defendant's 12(b)(6) motion to dismiss is "viewed with disfavor and [is] rarely granted." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 233 (5th Cir. 2009) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005)). To survive a Rule 12(b)(6) motion to dismiss, the complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). This means it must "contain sufficient factual matter . . . to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). In making

the plausibility determination, the Court accepts the factual contentions as true, drawing "all reasonable inferences in the plaintiff's favor." *Lormand*, 565 F.3d at 232 (citations omitted). The court is not, however, bound to the plaintiff's bare legal conclusions. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

*Analysis and Discussion*

Plaintiff brings a claim of tortious interference with an employment contract against Defendants Young and Customer C. Plaintiff claims that her discharge was caused by the conduct of both Young and Customer C.

> One who intentionally and improperly interferes with the performance of a contract between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for pecuniary loss resulting to the other from the failure of the third person to perform the contract.

*Shaw v. Burchfield*, 481 So. 2d 247, 254-55 (Miss. 1985) (citation omitted). Therefore, in order to show tortious interference with an employment contract, Plaintiff must prove that: (1) the acts were intentional and willful; (2) they were calculated to cause damage to the plaintiff in her lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the Defendant; and (4) that actual loss occurred. *Coleman & Coleman Enters., Inc. v. Waller Funeral Home*, 106 So. 3d 309, (¶15) (Miss. 2013) (citing *Cenac v. Murry*, 609 So. 2d 1257, 1268-69 (Miss. 1992)).

Mississippi has recognized that a tortious interference with an employment claim can lie in the tortious interference of an at-will contract. *Levens v. Campbell*, 733 So. 2d 753, (¶15) (Miss. 1999). "In addition, the plaintiff must prove that the contract would have been performed

3

but for the alleged interference." *Par Indus., Inc. v. Target Container Co.*, 708 So. 2d 44, (¶8) (Miss. 1998).

1. <u>Defendant Young</u>

At the time surrounding the factual events of the instant case, Young was employed by Wal-Mart as an assistant supervisor, and therefore Plaintiff's superior. The Mississippi Supreme Court has held that in certain circumstances, an employee can bring a claim of tortious interference with an employment contract against that employee's supervisor. *Shaw*, 481 So. 2d at 247. "[O]ne occupying a position of responsibility on behalf of another is privileged, within the scope of that responsibility and absent bad faith, to interfere with his principal's contractual relationship with that third person." *Morrison v. Miss. Enter. for Tech., Inc.*, 798 So. 2d 567, (¶24) (Miss. Ct. App. 2001) (citing *Shaw*, 481 So. 2d at 255). Bad faith has been defined by Mississippi courts to mean malice, gross negligence, or reckless disregard for the rights of others. *Id.* at (¶27) (citing *Caldwell v. Alfa Ins. Co.*, 686 So. 2d 1092, 1095 (Miss. 1996)). Malice occurs when there is an intentional act "whose purpose is to cause injury to business without right or good cause . . . ." *Id.* at (¶29).

Thus, Plaintiff must plead factual content sufficient to show that Young intentionally acted to have Plaintiff terminated without right or justifiable cause. Plaintiff claims that Young specifically told her not to allow Customer C to return items unless he had a valid receipt. Yet, when Customer C could not produce a receipt, Young contradicted his own orders and accepted Customer C's return. Plaintiff further alleges that Young's complaint was a basis of her discharge. The factual content present is sufficient to draw the reasonable inference that Young lodged a complaint advocating for Plaintiff's termination due in part to her following his instructions. Thus, Plaintiff has sufficiently alleged that Defendant Young urging Plaintiff's

termination may be without right or other justifiable cause if he did so in response to Plaintiff following orders that Young himself gave to employees.

2. <u>Customer C</u>

Defendants argue in their Reply in Response to Motion to Dismiss [29] that Plaintiff has not plead that Customer C acted with willful intent to cause Plaintiff damage. Contrary to this assertion, Customer C exhibited explicit intent to have Plaintiff fired when he allegedly told Plaintiff that such was his aim. Following that statement, Plaintiff alleges that Customer C authored a complaint that played a role in her discharge. These two allegations in the Complaint [17] plead sufficient factual content to infer that Customer C was acting intentionally to have Plaintiff fired in response to her denying acceptance of his return.

Defendants argue that allowing this claim would be bad public policy because it would extend standing to situations where restaurant patrons who complain about poor service could be hauled into court if the server was subsequently fired. The similarity drawn by Defendants is misplaced. In the instant case, Customer C specifically stated that his intent was to have Plaintiff fired. He was not simply complaining about poor service, but acting with the sole purpose of having Plaintiff discharged.

Defendant also argues that Plaintiff does not allege facts to suggest that Customer C engaged in any acts that actually precipitated her termination. However, the Complaint [17] does claim Customer C's complaint was one of the bases that led to her discharge. Thus, at the 12(b)(6) stage, Plaintiff has plead sufficient factual content to state a plausible claim to relief against Customer C.

Plaintiff has satisfied the requirement to plead that the contract would have been performed but for the Defendants conduct in pleading that her discharge was based on the joint

complaints of Young and Customer C. *See Levens*, 733 So. 2d at (¶15). Therefore, giving the well-pleaded facts the assumption of truth, Plaintiff has stated plausible claims for relief as to both Young and Customer C.

*Conclusion*

For the above reasoning, Defendants' Motion to Dismiss [25] for failure to state a claim upon which relief can be granted is DENIED.

SO ORDERED on this, the 24th of August 2015.

                                                  **/s/ Sharion Aycock**
                                                  **U.S. DISTRICT JUDGE**