IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RHONDA GAIL MORRIS                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:14-CV-136-SA-DAS

DERRICK YOUNG,
WAL-MART STORE EAST, L.P., and
STEVEN LANE                                                                          DEFENDANTS

ORDER

Presently before the Court is the Motion in Limine [104] of Wal-Mart Store East, L.P. and Derrick Young.

*Other Witnesses' Anecdotal Evidence*

Defendants petition the Court to exclude anecdotal evidence or "me too" evidence "that employees other than the Plaintiff have or had allegedly experienced discrimination while working for Wal-Mart." Specifically, Defendants anticipate such evidence concerning Donna Brown, an employee who was terminated by Young after a miscalculation of her intermittent FMLA leave, but then reinstated on the same day.

In discussing the admissibility of similar anecdotal "me too" evidence, the District Court recently noted that the inquiry is "fact-based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case." *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-CV-00129-DMB, 2015 WL 631512, at *2 (N.D. Miss. Feb. 13, 2015) (quoting *Nuskey v. Hochberg*, 723 F. Supp. 2d 229, 233 (D.D.C. 2010)). Factors to consider are "whether such past discriminatory behavior by the employer is close in time to the events at issue in the case, whether the same decision[]makers were involved, whether the

witness and the plaintiff were treated in a similar manner, and whether the witness and the plaintiff were otherwise similarly situated." *Id.* (alteration in original).

The parties apparently agree that Dona Brown, like Plaintiff, is older than many of the other employees, but her age has not been identified in any record evidence. Assuming she is older, the evidence of her termination will likely be admissible based on the similarities to Plaintiff's termination. Brown worked at the same store as Plaintiff and was terminated by Derrick Young, the manager integrally involved in Plaintiff's termination.[1] According to Brown's deposition, she was terminated "around April of 2014"—the very month Plaintiff was terminated.

However, given that Brown's age has not been established, Defendant's request to exclude the anecdotal evidence is DENIED WITHOUT PREJUDICE. Plaintiff will be given the opportunity to lay an appropriate foundation for the evidence concerning Brown and any other anecdotal evidence of age discrimination. Defendants may re-urge their objection or objections, if any, at trial.

*References by Plaintiff's Counsel*

Defendants seek to prevent Plaintiff's counsel from calling themselves "civil rights lawyers" and from referring to Plaintiff as a "victim" of discrimination. Defendants argue these references would unfairly prejudice the jury in Plaintiff's favor. Both objections fall within the Court's "broad discretion" in regulating "trial procedure and the conduct of trial." *Sims v. ANR Freight Sys., Inc.*, 77 F.3d 846, 849 (5th Cir. 1996); *see also United States v. Crawford*, 205 F.3d 1337 (5th Cir. 1999) ("counsel is accorded wide latitude during opening and closing argument.").

---

[1] A case cited by Defendants, *Wivill v. United Companies Life Ins. Co.*, 212 F.3d 296, 302 (5th Cir. 2000), has been held inapplicable when as here, "the proposed testimony relates to similar treatment by the same supervisor." *Id.* at *2 n.2 (citing *Lewis v. Home Depot U.S.A., Inc.*, No. 07-CA-058, 2007 WL 1100422, at *2 (W.D. Tex. Apr. 10, 2007)).

Neither of Defendants' objections is well taken. The Court does not perceive a material degree of prejudice from the term "civil rights lawyers." The jury will be allowed to hear of this background biographical information of Plaintiff's counsel. Defense counsel will have opportunity to mitigate any prejudice they perceive through their own introductions and arguments. Further, whether Plaintiff was a victim of age discrimination is highly relevant to this case; indeed it is the very issue being tried. To exclude such reference as prejudicial would preclude Plaintiff from telling her version of the facts. This would be akin to preventing Defendants from denying that it terminated Plaintiff because of her age.

For these reasons, the Defendants' request to prohibit the above references is DENIED.

*MDES File*

Defendant objects to the introduction of Plaintiff's file with the Mississippi Department of Employment Security. Plaintiff concedes this objection, and it is therefore GRANTED.

*Religious References*

Defendant objects to any "improper religious references" based on prior rulings from other cases in this Court. Plaintiff concedes this objection, and it is therefore GRANTED.

*Conclusion*

Consistent with the rulings identified herein, Defendants' Motion in Limine [104] is GRANTED IN PART and DENIED IN PART.

SO ORDERED, this 13th day of June, 2016.

<u>/s/ Sharion Aycock</u>
**U.S. DISTRICT JUDGE**